Ruffin, C. J.
The refusal to give the instructions, ashed on the part of the plaintiff, was, we think, correct. The Act of 1840, ch. 28, makes the question of fraud in such a case, one for the jury, under proper advice from the Court. Therefore it was right to decline pronouncing the deed fraudulent, as a matter of law. But, indepen *345 dent of that Act, and under any construction of the Sin!. 13th Eliz. that has ever prevailed, this deed could not be deemed covinous. As Lord Hardwicks observed, in Walker v. Burrows, 1 Atk. 93, there was always a distinction between the two Statutes of the 13th and 27th Elizabeth ; and it would be attended with bad consequences, if, as to creditors, voluntary conveyances were, as such, absolutely void, as the Statute extends to goods as well as land, and that construction would defeat every provision for children, though the father were not indebted at the time. Hence, under the 13th Eliz. it has always been held necessary to shew, that the maker of the deed was indebted at the time, or so soon afterwards as to connect the purpose of making the deed with that of contracting the debt, and defeating it. At least, that has always been the rule, where the deed was not made to a stranger, so as to be purely voluntary, but was made to a child, as a reasonable provision, and thus founded on a meritorious and the “good consideration,” mentioned in the Statute. And when the donor’s indebtedness at the time is spoken of, it is not intended that the deed is void, if he owed a dollar, or other trifling sum in comparison to his estate; for then no man could make a deed that would stand. But it is meant, that he should be “ greatly indebted” as Lord Coke says in Twyne’s case. 3 Rep. 81, or, at the least, that he should owe some debt, that remains unpaid and will be unpaid, if the conveyance to the child be sustained. Lush v. Wilkinson, 5 Ves. 384, O’Daniel v. Crawford, 4 Dev. 197. But, if a father, who conveys to a son, be indebted at the time; that does not avoid the deed, provided the father pay the debt, or if he retain property sufficient to pay the debt, and out of which the creditor can raise the money, when he seizes the land conveyed to the child; for the idea of an intention to defeat the debt is completely repelled ; in the one case by the actual payment of it by the father, and, in the other, by the existing and continuing ability *346 to pay it. It is only when the donor is unable to pay his debts, when he makes a gift, or becoming so, and a debt remains unpaid, that the creditor finds the deed an obstacle to his satisfaction, and has the right to impute fraud to it. Now, in this case, if it be supposed that the fine and costs, that might result from the indictment, constituted a debt, yet that debt was actually paid by the father out of his reserved property, which rebuts the imputation of fraud. So, of the debt for which the land was sold. That was contracted after the deed to the defendant ; but, it may be admitted, so soon as to give it, for this purpose, the character of an existing debt. If so, it cannot, nevertheless, affect this deed with covin, because the father kept property much more than sufficient to discharge it, not only when he made the deed, but he had it when he contracted the debt and confessed the judgment, and when his son’s land was sold, and, as far as it appears, still has it, amenable to the process of execution.
Per Curiam. Judgment affirmed.